### DANE v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted February 7, 1927. Decided
April 4, 1927.

No. 4499.

1. **Prize fighting** ⬤➔3—**Indictment held sufficient to charge defendant, who collected admission for seeing pugilistic encounter between codefendants, as principal under statute (Criminal Code U. S. §§ 320, 321, 332 [Comp. St. §§ 10493, 10494, 10506]). Code D. C. § 908.**

Indictment charging that two persons, indicted with defendant, engaged in an unlawful pugilistic encounter between man and man, to see which an admission was charged by defendant, *held* sufficient to charge defendant as a principal with violating Criminal Code, §§ 320, 321 (Comp. St. §§ 10493, 10494), in view of section 332 (Comp. St. § 10506) and Code D. C. § 908.

2. **Criminal law** ⬤➔877—**Conviction of defendant promoter held not inconsistent with acquittal of combatants (Criminal Code U. S. §§ 320, 321 [Comp. St. §§ 10493, 10494]).**

Conviction of defendant, who charged admission for seeing pugilistic encounter between two others, indicted with him for violation of Criminal Code U. S. §§ 320, 321 (Comp. St. §§ 10493, 10494), *held* not inconsistent with acquittal of his two codefendants, since jury might have believed that acquitted defendants did not know that admission fee was being charged, and hence were entitled to acquittal.

Appeal from Supreme Court of District of Columbia.

Frank Dane was convicted of engaging in a pugilistic encounter in violation of statute, and he appeals. Affirmed.

W. J. Lambert, R. H. Yeatman, A. F. Canfield, and May T. Bigelow, all of Washington, D. C., for appellant.

Peyton Gordon, J. J. O'Leary, and J. W. Fihelly, all of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appellant Dane and his codefendants Cody and Raymond were jointly indicted and tried on a charge of engaging in a pugilistic encounter in the District of Columbia. Cody and Raymond were acquitted. The appellant Dane was convicted and sentenced, from which he has appealed. He contends that the indictment failed to charge a crime; also that the indictment would not support a verdict of guilty as to him and not guilty as to his codefendants.

The following sections of the United States Criminal Code (35 Stat. 1150, 1152 [Comp. St. §§ 10493, 10494, 10506]) are applicable to the District of Columbia.

"Sec. 320. Whoever shall voluntarily engage in a pugilistic encounter between man and man * * * for money or for other thing of value, or for any championship, or upon the result of which any money or anything of value is bet or wagered, or to see which any admission fee is directly or indirectly charged, shall be imprisoned not more than five years.

"Sec. 321. By the term 'pugilistic encounter,' as used in the section last preceding, is meant any voluntary fight by blows by means of fists or otherwise, whether with or without gloves, between two or more men, for money or for a prize of any character, or for any other thing of value, or for any championship, or upon the result of which any money or anything of value is bet or wagered, or to see which any admission fee is directly or indirectly charged."

"Sec. 332. Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

The indictment in question was in three counts. Appellant was found guilty as to the first count, and not guilty as to the other two counts. The first count charged, with averments of time and place, that John Cody and Philip Raymond and Frank Dane "unlawfully, voluntarily, and feloniously did engage in a pugilistic encounter between man and man, to see which pugilistic encounter a certain admission fee was then and there charged; that is to say, that the said John Cody and the said Philip Raymond then and there unlawfully, voluntarily, and feloniously did engage in a voluntary fight by blows, by means of fists with gloves, between man and man, that is to say between the said John Cody and the said Philip Raymond, to see which said voluntary fight and pugilistic encounter a certain admission fee was then and there charged by the said Frank Dane, as the said John Cody and the said Philip Raymond then and there well knew. That the said John Cody and the said Philip Raymond and the said Frank Dane then and there unlawfully, voluntarily, and feloniously did engage in a pugilistic encounter between man and man, to see which said pugilistic encounter an admission fee was then and there charged, against the form of the statute in such case made and provided, and against the peace and government of the United States."

[1] Appellant contends that the sole accusation against him in the indictment is the charging of an admission fee to witness a fight by and between his codefendants; that the indictment specifically states that the codefendants exchanged the blows complained of; that he could not, literally, have been "engaged" in a fight without taking part in it, whereas this fight was, according to the allegations of the indictment, participated in by the two other men only; and that the indictment does not specifically charge appellant with being "present, aiding and abetting" in the alleged pugilistic encounter.

We cannot agree with this contention. The indictment charges that defendants jointly engaged in an unlawful pugilistic encounter between man and man, to see which an admission fee was charged, in which joint action the appellant charged the admission fee while his codefendants exchanged the blows. Under section 332, supra, and section 908, D. C. Code, the appellant was rightly indicted as a principal. Polen v. U. S., 41 App. D. C. 4; Story v. U. S., 57 App. D. C. —, 16 F.(2d) 342.

[2] Nor can we agree with appellant's contention that the indictment would not support a verdict of guilty as to appellant and not guilty as to his codefendants. If the jury found upon the evidence that Cody and Raymond engaged in the encounter, but failed to find that they knew a fee was being charged for admission to see the same, it was their duty to acquit them; but if at the same time the jury found that the appellant had induced or procured his codefendants to engage in the encounter, and had charged and received admission fees to see the same, although the codefendants did not know that such a charge

was made, a verdict of guilty should be rendered against appellant and not guilty against his codefendants. This was fully explained to the jury in the instructions given by the lower court, and the appellant makes no point in his present appeal against the lower court's charge. The verdict of the jury responded to this view of the evidence, there being no direct evidence of knowledge by Cody and Raymond that an admission fee was charged to spectators. U. S. v. Gooding, 12 Wheat. 460, 469, 6 L. Ed. 693; Macey v. U. S., 30 App. D. C. 63; State v. Bailey, 63 W. Va. 668, 60 S. E. 785.

We think this disposes of the questions raised by the appeal, for in our opinion the indictment charges a crime and is sufficiently explicit. No other assignments of error being presented to the court by the appellant, the judgment of the lower court is affirmed.